At this Term, the opinion of the Court on the first plea was delivered by
Smith, C. J.
After stating the pleadings, he said: The question is, whether the judgment in audita querela is a bar to the action on the original judgment. In the judgment in the audita querela, it is declared that the execution issued on the said judgment be vacated, the judgment having been obtained by fraud and deceit of the plaintiff. What is the legal effect and operation of such a judgment ? It may be observed, as preliminary to this inquiry, that the judgment in audita querela, having been obtained in Vermont (where the original judgment was obtained), has the same force and effect as if all the proceed *120 ings had been in this State, or as such a judgment would have' in Vermont. No case can be found strictly applicable to the present, and it is not a little strange that cases of this kind have not occurred. It is conceived, however, to be extremely clear upon principle that this judgment cannot be enforced after the judgment rendered in the audita querela. F. N. B. 235. Audita querela was the proper remedy to be relieved against this unjust judgment; (a) it lies as well before the party is in execution as after. When it lies to be relieved from an unjust judgment, perhaps the Court may (see F. N. B. 235) make the judgment (i. e. declare it) void; yet, if they do not do so in express terms, it is so in effect.
The execution is vacated, and it is vacated on grounds which would render every other execution issuing on the same judgment void. There is a judgment of a Court competent to decide the question, that the judgment was obtained by the fraud and deceit of the plaintiff. It is true this judgment might have been entered in a different form, and perhaps it is usual to add to the entry, “ that the plaintiff or creditor is barred from any or every execution whatsoever upon the judgment.” (b) But it would be absurd to say that the execution which issued Aug. 29, 1801, is vacated, but *121 that another may issue at any time after, which will bo good; (a) and equally absurd to say that the effect of the judgment in audita querela is to bar execution, but not an action on the judgment. This would be saying that the party may do that indirectly which he shall not do directly. (b)
Suppose the ground of audita querela is payment after judgment recovered, i. e. satisfaction not by matter of record. Would it be pretended, in such a case, where execution was vacated because the judgment was satisfied and this matter found and adjudicated, as it must be in the audita querela, that debt would lie on such a judgment? Certainly not. The satisfaction by the proceedings in audita querela has become matter of record, as much so as the judgment itself. Here it is found, in a suit between these parties (in reference to the execution of this very judgment), that it was obtained fraudulently. In law, every such judgment is void. A writ of error would not answer the purpose. This judgment is good on the face of it. The defendant is not obliged to prove the fraud stated in his second plea, because he has once proved it in a suit against the same party, and it has passed into judgment. If this matter should now be tried, and it should be found I'or Bush, there would then be two contradictory decisions on the same question, when it was the only question in controversy between the parties. The effect of this judgment in audita querela is the same as if, in express terms, it had barred any and every execution on this judgment, and vacated and declared null and void the judgment itself, (c)

Judgment for the defendant,

[1]

 No doubt an action would lie against B. for the fraud or deceit; but this would, in many cases, he inadequate remedy; the sum of the judgment may be large, and the plaintiff insolvent. See F. N. B. Audita Querela, and Deceit; and Comyns, Action of Deceit; and 3 Reeves, Hist. Eng. Law, 57, &c.; 2 Reeves, Hist. Eng. Law, 329.
{Quaere. Would this writ be considered as a record when service acknowledged, so as to make Bush guilty of forgery in altering it? State Laws, ed. 1805, 269.)
It would seem that a writ’ of deceit is the proper remedy to annul a judgment where the defendant was not summoned. Cro. Jac. 547.
Queere. Is not writ of deceit a method of reversing a judgment in a real action? See 3 Blackst. 405; Booth, 251, Writ of Deceit.

 2 Wms. Saund. 148 h, in margin. It is said, audita querela lies to discharge a judgment obtained by an administrator, where, after judgment, the administration is repealed. Here the ground was that the judgment was void; and yet the entry is, that the creditor in the judgment have no execution against the debtor, or his estate, by reason of the said judgment, and that he be restored to all things which he has lost by occasion of the said judgment.

 This record shows that every execution on this judgment must he set aside, and therefore it bars every execution in the same maimer as if it expressly barred them.

 Arguendo, 1 T. R. 273; 3 T. R. 643 ; 2 Wins. Sauud. 101 k; 4 Burr. 2454.

 A person cannot have an audita querela of a matter which he had *122 an opportunity of taking advantage of before and bad omitted. 12 Mod. 584.
1 G. Bacon, 810 (F. N. B. 104), the ground of the audita querela was that the statute was fraudulently obtained, i. e. forged.
1 G. Bacon, 311. Judgment against principal; upon audita querela, he was delivered from execution. It seems this judgment in audita querela, this deliverance, shall operate a discharge of the bail; because, as the judgment against the bail depends on that against the principal, when the latter is removed out of the way, it destroys the former, i. e. against the bail.
2 Yes. Jr. 135. Semble, where judgment obtained against conscience by concealment, relief by bill in equity.

 In the same direction is Miller v. Barkeloo, 1857, 18 Ark. 292. See also Dwight v. St. John, 1862, 25 N. Y. 203; Saltmarsh v. Bower, 1859, 34 Ala. 613.
In Gifford v. Whalen, 1851, 8 Cush. 428, there had been no adjudication *122 upon any question of fact bearing on the validity of the judgment. The supersedeas was ordered, as a matter of course, upon the filing of the petition for review.
The doctrine of Williams v. Roberts, 1850, 8 Hare, 315, if correct, does not go to the length of denying that the adjudication upon the audita querela was conclusive in subsequent proceedings at law, however it might be in equity.